UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES TORRES,

   Plaintiff,

v.

ESSEX COUNTY CORRECTIONAL FACILITY,

   Defendant.

Civ. No. 17-7169 (KM) (CLW)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Charles Torres, is imprisoned at South Woods State Prison, in Bridgeton, New Jersey. He is proceeding pro se with a civil rights complaint filed under 42 U.S.C. § 1983. This Court previously granted Mr. Torres leave to proceed *in forma pauperis*. (ECF No. 2.)

This Court must now review the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice.

## II. BACKGROUND

The allegations of the complaint will be construed as true for the purposes of this opinion. Mr. Torres claims that on October 15, 2014, when he was in pretrial custody at defendant Essex County Correctional Facility, he "sustained injuries caused by dangerous conditions reasonably foreseeable within [the facility]." (Compl., ECF No. 1, at 5.) Mr. Torres further alleges that officers at the facility "failed to warn or protect [him] from injury." (*Id.*) Mr. Torres seeks

damages "in excess of 100,000." The complaint includes no further details regarding the factual circumstances that allegedly underlie this claim.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a prisoner complaint when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3

## IV. DISCUSSION

Mr. Torres's claims include no factual allegations as to what injury he suffered, what caused the alleged injury, or how these circumstances violated his constitutional rights. This type of purely conclusory allegation is insufficient to meet the pleading standard recognized by the Supreme Court in *Iqbal* and *Twombly*. Accordingly, Mr. Torres's complaint must be dismissed for failure to state a claim.

Furthermore, even if Mr. Torres's claims did include sufficiently detailed factual allegations, they would seemingly be barred by the statute of limitations. Causes of action under 42 U.S.C. § 1983 are subject to New Jersey's two-year statute of limitations for personal-injury claims. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 349 (D.N.J. 2015) (citing *Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011) (per curiam)). The date when such a cause of action accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

Mr. Torres alleges that his injury occurred on October 15, 2014, and his claim must be considered to have accrued upon that date. Accordingly, the two-year statute of limitations expired on October 15, 2016. Mr. Torres's complaint is dated August 25, 2017, some ten months after limitations period ended.

4

I also consider, however, whether the limitations period was suspended or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling under New Jersey must be based on one of the enumerated grounds. *See, e.g.*, N.J. Stat. Ann. § 2A:14-21 (minority or insanity); N.J. Stat. Ann. § 2A:14-22 (non-residency of persons liable). Nothing in the complaint, however, supports any of the statutory bases for tolling.

Equitable tolling under New Jersey law may arise

> where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie Street Police Dep't*, Civ. No. 10-497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State*, 347 N.J. Super. 11, 31 (Super. Ct. App. Div. 2002)). Again, the complaint does not articulate any basis for equitable tolling.

It is therefore apparent from the face of the complaint that Mr. Torres's claims are barred by the statute of limitations and must be dismissed. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte*

5

dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

It is possible, however, that Mr. Torres may be able to re-plead with facts sufficient to state a claim under *Iqbal* and *Twombly* and with facts that support an argument for tolling the limitations period. Thus, his claims are dismissed without prejudice to the filing of an amended complaint that states a claim that falls within the two-year statute of limitations. Any such amended complaint should be filed within 30 days after the entry of this Opinion and accompanying Order.

## V. CONCLUSION

For the foregoing reasons, Mr. Torres's complaint will be dismissed without prejudice as failing to state a claim upon which relief may be granted and as barred by the applicable statute of limitations.

DATED: November 2, 2017

KEVIN MCNULTY
United States District Judge